## EMIL J. ANDERSON AND ANOTHER v. IVERSON OUTDOOR LIFE, INC. AND OTHERS.[1]

November 18, 1932.

No. 29,003.

*E. J. Larsen* and *Jenswold, Jenswold & Dahle,* for appellants.
*Harry W. Lanners,* for respondent.

OLSEN, J.

Plaintiffs appeal from an order denying their motion for a new trial.

The action is one to foreclose a mechanic's lien. The court made findings of fact and conclusions of law. It found in plaintiffs' favor and granted the relief prayed for, except that it found that a mortgage held by the defendant Alfred Hoel, trustee, was a prior lien upon the property, having priority over plaintiffs' mechanic's lien.

The question arose in the following manner: On March 21, 1929, the defendant Iverson Outdoor Life, Inc., the owner of the property,

[1]Reported in 245 N. W. 365.

gave to defendant Alfred Hoel, trustee, a mortgage thereon for $7,500. It is undisputed that full value was given, and the mortgage is valid. The mortgage, however, was not placed on record until May 4, 1929. On May 3, 1929, the first item of materials for which plaintiffs' lien was filed was furnished to the Iverson Outdoor Life, Inc. The decisive question in the case was and is whether at the time the plaintiffs' lien took effect, on May 3, 1929, the plaintiffs had actual notice of the mortgage held by Hoel, within the provision of G. S. 1923 (2 Mason, 1927) § 8494. The trial court found that the plaintiffs had such notice. The question before us is whether the evidence sustains this finding of the court.

It is not necessary to cite authorities to sustain the rule, often announced by this court, that findings of fact made by the trial court will not be disturbed on appeal where the evidence fairly tends to support them.

The evidence discloses that plaintiffs had another lien on this property for some $1,600 for materials furnished in the year 1928; that another lien claimant commenced suit to foreclose a lien and plaintiffs answered therein and set up their 1928 lien; that the Hoel mortgage of March 21, 1929, was made for the purpose of procuring money to pay up the lien claims in that action and other claims; that a settlement was made in April, 1929, and plaintiffs' claim for the 1928 lien was paid up and satisfied out of the proceeds of the Hoel mortgage on May 4, 1929. E. J. Larsen, plaintiffs' attorney, was their attorney in the prior action and had correspondence and negotiations with defendant Hoel and with his representatives, Kreidler & Kreidler, in reference to the settlement and payment of the 1928 lien out of the proceeds of the Hoel mortgage during April, 1929. There is no direct evidence that Larsen communicated to his clients the information that the money received in payment of the 1928 lien came from a mortgage given to Hoel; but there are facts and circumstances shown which would reasonably sustain the conclusion that plaintiffs obtained information in the matter prior to May 3, 1929, at least to the extent that this money was raised by a mortgage then placed upon the property. Plaintiffs

would not be bound by information obtained by their attorney in another and prior suit unless communicated to them; but we think the evidence, taken as a whole, is sufficient to sustain the inference that plaintiffs did receive this information. Then, defendant Emil W. Iverson testified that he had conversations with plaintiff Emil Anderson in April, 1929, about the Hoel mortgage and informed Anderson that out of this mortgage he would be able to pay the indebtedness of the Iverson Outdoor Life corporation, of which he was the president. Defendant Hoel testified that on April 4, 1929, he mailed to plaintiffs a statement and copy of a letter to Kreidler & Kreidler, wherein he stated that he understood they were ready to distribute the proceeds of the $7,500 mortgage and bond issue of which he was named trustee,. and asked them to inform plaintiffs as to when their claim would be paid.

Taking the evidence as a whole, we are satisfied that it fairly and reasonably sustains the court's finding that plaintiffs had actual notice and knowledge of the Hoel mortgage on and prior to May 3, 1929. That disposes of the case.

Order affirmed.